# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Maureen Livingston,

    Plaintiff,

v.

Yana Transportation, LLC,

    Defendant.

Case No. 2:21-cv-4908

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Maureen Livingston ("Plaintiff") moves for default judgment against Yana Transportation, LLC ("Defendant"). ECF No. 32. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

### I. BACKGROUND

Plaintiff worked as a driver for Defendant from October 2020 through June 23, 2021. Sec. Amend. Compl. ¶¶ 15, 36, 40, ECF No. 20. In the spring of 2021, Plaintiff was injured at work and filed a workers' compensation claim. *Id.* ¶¶ 19–24. After Plaintiff filed her workers' compensation claim, at least one of her supervisors became "cold" and "curt" with her and began to "pick on her" and criticize her work. *Id.* ¶¶ 29–30. In June 2021, Plaintiff called off work to address her pet's medical emergency. *Id.* ¶¶ 33–36. One of Plaintiff's supervisors responded by terminating Plaintiff and demanded she return Defendant's vehicle within less than two hours. *Id.* ¶¶ 40–41. In addition, the supervisor left Plaintiff

a voicemail in which he told her she had "screwed" him and that she "made up excuses" and "made up a fake injury." *Id.* ¶ 47.

After her termination, Plaintiff checked her paystubs for her workdays from June 6 through June 19, 2021. *Id.* ¶ 53. Plaintiff saw that, without any discussion, her pay rate had been reduced to $8.80 an hour. *Id.* ¶ 54. Further, Defendant never gave Plaintiff the paycheck that corresponded with that paystub. *Id.* ¶ 56. Nor did Defendant pay Plaintiff for the hours worked on June 21 and 22, purportedly because of a "vehicle retrieval fee." *Id.* ¶¶ 55, 57–60.

Plaintiff discovered that Defendant filed fraudulent information with the Internal Revenue Service ("IRS"). *Id.* ¶¶ 103–07. Defendant represented to the IRS that Plaintiff had earned $10,264.09; in reality, Plaintiff earned $9,302.69. *Id.*

Plaintiff filed this action on October 1, 2021. *See generally*, Compl., ECF No. 1. After Defendant failed to plead or otherwise defend as required by law, the Clerk entered default against it on April 6, 2023. ECF No. 31. Later, Plaintiff moved for default judgment. ECF No. 32. The time for responding has since passed, and nothing has been filed on Defendant's behalf.

## II. STANDARD OF REVIEW

Applications for default judgment are governed by Rule 55(b)(2). Following the Clerk's entry of default under Rule 55(a) and the party's motion for default judgment under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Wood v. Bronzie*, No. 1:20-CV-231, 2020 WL 4015247, at *1

(S.D. Ohio July 16, 2020) (internal quotation marks and citations omitted). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enter., LLC*, No. 2:07-CV-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010) (citation omitted). However, the Court need not hold an evidentiary hearing "if the Court can determine the amount of damages by computation from the record before it." *Wood*, 2020 WL 4015247, at *1 (citation omitted).

### III. ANALYSIS

The Court has considered the Complaint, the motion for default judgment, and all attachments to the same. The Court finds Plaintiff is entitled to default judgment and now considers the appropriate amount of damages for each claim.

### A. FLSA

The FLSA provides that:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

Plaintiff worked two ten-hour shifts on June 21 and June 22, 2021. Pl.'s Decl. ¶ 14, ECF No. 32-1. Nonetheless, Defendant failed to pay Plaintiff for working these hours. *Id.* ¶¶ 55, 57–60. Twenty hours times $7.25 (federal minimum wage) is $145.00. Plaintiff is also entitled to liquidated damages of another $145.00, for a total of $290.00.

**B.     Ohio Wage and Hour Claims**

The Ohio minimum wage laws require employers like Defendant to pay employees a minimum wage. Ohio Rev. Code § 4111.02. At the relevant time, the Ohio minimum wage was $8.80 an hour. *See McMasters v. Captain Friedt Tower Servs., LLC*, No. 5:22-CV-107, 2022 WL 17104543, at *4, n.3 (N.D. Ohio Nov. 21, 2022). As just explained, Plaintiff worked two ten-hour shifts on June 21 and 22, 2021 for which she was not paid. Twenty hours times $8.80 totals $176.00. However, because of the bar against double recovery, Plaintiff cannot recover this full amount. Instead, Plaintiff can recover only the difference between the recoveries on her federal and claims: $31.00. "Under Ohio law, employers who violate the minimum wage law must pay treble damages." *Jones v. Animal Enter. Worldwide, LLC*, No. 1:21-CV-00653, 2022 WL 592945, at *3 (N.D. Ohio Feb. 28, 2022). Thus, Plaintiff is entitled to $31.00 times three, which equals $93.00.

**C.     Contract-Based Claims**

Plaintiff argues that she is entitled to damages for her breach-of-contract, unjust enrichment, and promissory estoppel claims. However, these claims are duplicative of each other and, therefore, the Court will address only the breach-of-contract claim.

As shown by her paystub, Plaintiff worked 99.5 hours between June 6 and June 19, 2021. Paystub, ECF No. 32-1. However, Plaintiff never received the corresponding paycheck for that paystub. Sec. Amend. Compl. ¶ 56, ECF No.

20. Similarly, Defendant never paid Plaintiff for her hours worked on June 21 and 22, 2021. *Id.* ¶¶ 57–59.

According to Plaintiff's agreement with Defendant, Plaintiff was to be paid at a rate of $12.50 per hour. *Id.* ¶ 18. Plaintiff worked 119.5 hours between June 6, 2021 and June 22, 2021, with 19.5 hours being overtime. Paystub, ECF No. 32-1; Pl.'s Decl. ¶ 15, ECF No. 32-1. Thus, Plaintiff is entitled to $1,250.00 in regular wages and $365.63 in overtime wages. In addition, Plaintiff is entitled to reimbursement for her unused vacation time: 40 hours of unused vacation hours times $12.50 per hour totaling $500.00. In total, Plaintiff is entitled to $2,115.63 for her contract-based claims. Again, however, Plaintiff may not recover twice for the same injury. Thus, her total entitlement for the contract-based claims is $2,115.63, less her recovery for the FLSA claim ($290.00) and her Ohio wage claims ($93.00), for a total of $1,732.63.

### D.  Fraudulent Return

26 U.S.C. § 7434 provides that if "any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." Here, Defendant reported to the IRS that Plaintiff had earned nearly $1,000 more than Plaintiff actually earned. Sec. Amend. Compl. ¶¶ 103–07, ECF No. 20. Upon a finding of liability under Section 7434, the defendant shall be liable for either $5,000 or actual damages and costs, whichever is greater. 26 U.S.C. § 7434(b). Plaintiff's actual damages and costs

are less than $5,000.00, and therefore, Plaintiff is entitled to $5,000.00 for this claim.[1]

### E. Attorney's Fees and Costs

Federal Rule of Civil Procedure 54(d) allows a prevailing party to recover costs and attorney's fees. Turning first to costs, the Court has reviewed Plaintiff's submitted records and concludes that $542.90 is reasonable and that sum is awarded to Plaintiff.

As to attorney's fees, Plaintiff failed to follow the requirements of Rule 54(d)(2)(B) for motions for attorney's fees. Specifically, her counsel did not "specify the judgment and the statute, rule, or other grounds entitling the movant to the award[.]" Fed. R. Civ. P. 54(d)(2)(B)(ii). Thus, the motion for attorney's fees is **DENIED WITHOUT PREJUDICE**; Plaintiff's counsel may re-move for attorney's fees **WITHIN FOURTEEN DAYS**.

### IV. CONCLUSION

For these reasons, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded the following relief:

- FLSA claim: $290.00
- Ohio Wage and Hour claim: $93.00

---

[1] It does not appear that Plaintiff complied with the service requirements of 26 U.S.C. § 7434(d). However, from the Court's read of that requirement, it appears to be a mandatory claims processing rule, like the requirement of filing an EEOC charge in a discrimination case, and not a jurisdictional prerequisite. As Defendant never raised the issue, Plaintiff's apparent failure to comply with the service requirements does not bar recovery.

- Contract-based claims: $1,732.63
- Fraudulent Return claim: $5,000.00
- Costs: $542.90
- **Total: $7,658.53**

Plaintiff's counsel may re-move for attorney's fees **WITHIN FOURTEEN DAYS**. The Clerk shall enter judgment for Plaintiff for $7,658.53 and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**