UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Maureen Livingston,

    Plaintiff,                     Case No. 2:21-cv-4908

v.                              Judge Michael H. Watson

Yana Transportation, LLC,       Magistrate Judge Jolson

    Defendant.

## OPINION AND ORDER

Plaintiff moves for attorney's fees following a default judgment. ECF No. 41. Plaintiff argues, among other things, that because she prevailed on her claim under the Fair Labor Standards Act ("FLSA"), she is entitled to attorney's fees.[1] *Id*. The time for responding has passed, and Defendant filed no response.

The FLSA provides for "reasonable" attorney's fees to a prevailing plaintiff. *See* 29 U.S.C. § 216(b). "In determining what is reasonable, the general approach is to first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate," and there is "a strong presumption that the lodestar represents the reasonable fee." *Johnson v. Kestrel Eng'g, Inc.*, No. 2:15-CV-2575, 2016 WL 7655249, at *2 (S.D. Ohio Sept. 22, 2016) (quotation marks and citation omitted). When ruling on a motion for

---

[1] A plaintiff who obtains a default judgment is a "prevailing party." *See Noco Co. v. Ko*, No. 1:19-CV-1547, 2021 WL 3725655, at *1 (N.D. Ohio Aug. 23, 2021) ("[P]laintiff has obtained default judgment and, therefore, is the prevailing party[.]").

attorney's fees in FLSA cases, the Court remembers that "[t]he purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (quotation marks and citations omitted).

Counsel seeks $15,093.75 in attorney's fees. Mot., ECF No. 41. First, the number of hours worked, 40.15, is reasonable. Plaintiff's motion is supported by itemized billing statements. ECF No. 41-1, Ex. C. The Court has reviewed the attached billing statements and finds that there is no evidence of duplicative, unnecessary, or overly prolonged work. And Plaintiff is not seeking fees for any hours worked to correct errors identified by the Court. Mot., ECF No. 41. Lastly, the Court finds that the documentation is "of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Richard v. Caliber Home Loans, Inc.*, 832 F. App'x 940, 947 (6th Cir. 2020) (quotation marks and citations omitted). Thus, the number of hours billed is reasonable.

The hourly rate of $375.00 per hour is also reasonable. Plaintiff first supports this rate with her counsel's declaration, in which he states that the hourly rates charged are within the fair and reasonable market value for services rendered in wage and hour litigation by attorneys with comparable qualifications in this market. *See generally*, Wido Decl., ECF No. 41-1. Plaintiff also supports

the rate with a 2019 report from the Ohio Bar Association (the "Report") which shows that $375.00 per hour was, at the time of the report, the median hourly rate for employment law attorneys.[2] Based on this support, the Court finds the hourly rate reasonable.

Now, the Court multiplies the number of hours worked (40.15) times the hourly rate ($375.00) to reach the lodestar figure: $15,056.25.

The lodestar amount may be adjusted upwards or downwards based on a twelve-factor test, although the Court should not overly rely on these factors. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citations omitted); *Richard*, 832 F. App'x at 943 (6th Cir. 2020) (citation omitted). Although Plaintiff requests an amount slightly higher than the lodestar, Plaintiff does not argue for an upward adjustment. Nonetheless, in light of the results obtained for Plaintiff, the fact that Counsel took the case on a contingency basis, and the FLSA's purpose for attorney's fees, the Court will make a slight upward adjustment to $15,093.75.

Accordingly, Plaintiff is **AWARDED** $15,093.75 in attorney's fees. The Clerk shall terminate ECF No. 41.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**

---

[2] Plaintiff erroneously attached the wrong page of the Report. See ECF No. 41-1. Nonetheless, the Court takes judicial notice of the Report, including its findings on hourly rates.